## UNITED STATES DISTRICT COURT OF THE DISTRICT OF NEW JERSEY

Steven V. Schuster, Esq.
125 State Street, Suite 107
Hackensack, N.J. 07601
Tel. No. (201) 968-0987/Fax (201-968-0989
Attorney for Plaintiff

07-4579 (KSH)

---

**JAIME FIGUEROA,**

    Plaintiff,

vs.

**CITY OF HOBOKEN, THE HOBOKEN POLICE DEPARTMENT,
SGT. MICHAEL COSTELLO,
DENNIS FIGUEROA, JOHN DOE,
Defendants 1-10, Fictitious Persons,**

    Defendants.

**COMPLAINT and JURY DEMAND**

---

Jaime Figueroa, residing at 310 Jackson Avenue, Apt. 352, in the City of Hoboken, County of Hudson, and State of New Jersey, by way of Complaint against the defendants herein, says:

### FACTS COMMON TO ALL COUNTS

1. Plaintiff, Jaime Figueroa, is a citizen of the United States of America and a resident of the City of Hoboken, County of Hudson and State of New Jersey.

1.

2. Defendants, Sgt. Michael Costello, Dennis Figueroa and John Doe, Defendants 1-10, are now and at all times material to this action, were duly appointed employees and acting police officers of the City of Hoboken, County of Hudson, a municipal corporation, and governmental subdivision of the State of New Jersey. Defendants are also residents of said city and county.

3. This action arises under the United States constitution particularly under the provision of the Fourth, Sixth, and Fourteenth Amendments to the Constitution of the United States and of Federal Law, particularly, the Civil Rights Act, Title 42 of the United States Code, Section 1983.

4. This Court has jurisdiction and just cause under and by virtue of Title 28, United States Code Section 1343.

5. Each and all the acts of the plaintiff alleges herein were done by defendant and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customers, and usages of the State of New Jersey, City of Hoboken, and County of Hudson and under the authority of their office as police officers for said city and county.

6. On or about September 27, 2005, approximately between 9:00 and 9:30 A.M., plaintiff was lawfully at the Hoboken Police Department, City of Hoboken, County of Hudson, and State of New Jersey, to seek information concerning an incident that had happened the evening before.

7. Present at this time and place were Officer Leo, Sgt. Dennis Figueroa, Sgt. Michael Costello. When plaintiff, Jaime Figueroa, walked into the police department, Sgt. Michael Costello told him to wait a minute.

8. After awaiting approximately three or four minutes, plaintiff was instructed to

2.

follow the officer into an office and the officer commenced to question the plaintiff about the alleged incident.

9. The officer then commenced to talk down to plaintiff. Plaintiff then told him not to talk to him that way or get someone else. At that time, the officer told the plaintiff to "get the fuck out of here." Plaintiff then said, "I have the right to be here," and a further altercation continued.

10. Mr. Figueroa went to City Hall to complaint about the incident and was told by city officials to report to the police station where he was threatened by Officer Dennis Figueroa with a threat to assault him.

11. The plaintiff then returned to the police station and spoke to other officers concerning the incident.

12. At that time of his return, Sgt. Michael Costello grabbed the plaintiff and started to shake and drag him to the front door despite the fact that the plaintiff was under treatment for other serious conditions. Sgt. Michael Costello then proceeded to throw the plaintiff down three steps in front of the police department.

13. No criminal charges were ever proffered against plaintiff in connection with his appearance at the Hoboken Police Department.

14. Defendant John Doe, Defendants 1-10, fictitious persons, failed to protect plaintiff's rights and otherwise conspired to violate his Constitutional rights.

14. Pre-existing injuries of plaintiff's neck, back, and other related areas were aggravated with respect to his previous conditions and additional injuries were the direct and proximate result of the rough, unauthorized and injurious treatment of the plaintiff and these

injuries were directly and proximately caused as a result of this inappropriate assault.

15. By reason of the injuries sustained and aggravated as a result of the aforesaid illegal and improper assault, plaintiff believes that he will be required to incur necessary and reasonable medical and hospital expenses and has already incurred same by reason of such injury.

16. By reason of the conduct of the defendants and each of them, and as a result of this improper conduct, the plaintiff has been injured and unable to attend to his duties since the episode and will be prevented from doing so for a long period of time and has sustained damages for loss of earnings during said period.

## FIRST COUNT
### (VIOLATION OF FEDERAL LAW, PARTICULARLY THE CIVIL RIGHTS ACT, TITLE 42 OF THE UNITED STATES CODE, SECTION 1983 AND TITLE 28, OF THE UNITED STATES CODE, SECTION 1343.)

1. Plaintiff repeats and realleges the allegations of the Facts Common to All Counts as though the same were repeated herein at length verbatim.

2. The conduct of the defendants and each of them has deprived plaintiff of the following rights, privileges, and immunities secured to him by the Constitution of the United States as well as Title 42, Section 1983 of the Civil Rigths Act.:

> A. The right to be secure in his person and effects against unreasonable assault; and
>
> B. The right of plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to equal protection of the laws secured by the Fourth Amendment to the Constitution of the United States.

3. The acts, conduct, and behavior of the defendants and each of them were performed knowingly, intentionally, and maliciously by reason of which plaintiff is entitled to an award of compensatory and punitive damages in the sum of $1,000,000.00.

**WHEREFORE** plaintiff demands Judgment for damages, punitive damages, interest, costs of suit and attorneys' fees.

## SECOND COUNT
## (FALSE IMPRISONMENT)

1. Plaintiff hereby repeats and realleges each and every allegation of the Facts Common to All Counts and First Count of the Complaint as though the same were repeated herein at length and verbatim.

2. Defendants, Sgt. Michael Costello, Dennis Figueroa and John Doe, Defendants 1-10, are police officers, employed by the City of Hoboken Police Department.

3. Defendant, City of Hoboken, is a municipality, organized and existing under the laws of the State of New Jersey.

4. On September 27, 2005, defendants, Sgt. Michael Costello, Dennis Figueroa and John Doe, Defendants 1-10 City of Hoboken, wrongfully, unlawfully, maliciously, and without any warrant or pretense of legal process, detained and confined plaintiff for a period of time.

5. By reasons of defendants' actions, plaintiff was deprived of his liberty, was made physically ill, was subject to embarrassment, and was otherwise greatly injured.

6. As a result of plaintiff's false imprisonment, he has been damaged in the sum of $1,000,000.00.

**WHEREFORE**, plaintiff demands Judgment against defendants for

5.

damages, punitive damages, interest, costs of suit and attorney's fees.

## THIRD COUNT
### (ASSAULT)

1. Plaintiff hereby repeats and realleges the allegations of the Facts Common to All Counts, First and Second Counts as though the same were repeated herein at length and verbatim.

2. On September 27, 2005, at the Hoboken Police Department, Hoboken, New Jersey, defendants assaulted plaintiff by Sgt. Michael Costello, Dennis Figueroa and defendants, John Does, 1-10.

3. Defendants' actions were intentional.

4. As a result of the assault, plaintiff suffered injuries as aforesaid.

5. As a result of the assault, plaintiff has been damaged in the sum of $1,000,000.00.

**WHEREFORE**, plaintiff demands Judgment against the defendants for damages, punitive damages interest, costs of suit and attorneys' fees.

## FOURTH COUNT
### MENTAL DISTRESS

1. Plaintiff repeats and realleges the allegations of the Facts Common to All Counts, First, Second and Third Counts as though the same were repeated at length herein at length and verbatim.

2. As a result of the intentional and or negligent acts of the defendants or any of them, the plaintiff suffered mental distress and mental disability and was otherwise injured.

3. The mental distress and disability are permanent and plaintiff has been damaged in the sum of $1,000,000.00.

6.

**WHEREFORE**, plaintiff demands Judgment for damages, punitive damages, interest, attorney's fees, costs of suit and attorney's fees.

Dated: September 24, 2007

By: _____
STEVEN V. SCHUSTER, ESQ.,
Attorney for Plaintiff

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

Dated: September 24, 2007

By: _____
STEVEN V. SCHUSTER, ESQ.,
Attorney for Plaintiff

### DESIGNATION OF TRIAL COUNSEL

Steven V. Schuster, Esq., is hereby designated as trial counsel for plaintiff in this matter.

### CERTIFICATION OF ENTIRE CONTROVERSY

I hereby certify that this matter is not the subject of any other court or arbitration action to the best of my knowledge and no other such court or arbitration actions are contemplated. There are no other parties who should be joined in this action.

### DEMAND FOR ANSWERS TO INTERROGATORIES

Demand is hereby made for defendant to answer all required interrogatories under federal court rules, as well as such Supplemental Interrogatories as may be served upon him .

## DOCUMENT AND INFORMATION EXCHANGE

Demand is hereby made for defendant to furnish copies of all documents mandated to be exchanged by federal court rules, as well as a complete copy of all documents in the file pertaining to the original underlying case. Demand is also made for defendant to produce proof of legal malpractice insurance coverage, including the declarations page pertaining to such coverage.

Dated: September 24, 2007

_____
STEVEN V. SCHUSTER, ESQ.,
Attorney for Plaintiff

## DECLARATION IN LIEU OF SWORN STATEMENT [28 USC SECTION 1746]

I, Steven V. Schuster, the attorney for plaintiff in the foregoing complaint, declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information and belief.

Dated: September 24, 2007

_____
STEVEN V. SCHUSTER, ESQ.,
Attorney for Plaintiff

8.